UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**HARDING UNIVERSITY, INC.**                                                              **PLAINTIFF**

**v.**                     **CASE NO. 4:10cv00065 BSM**

**ARMS BUILDING & MAINTENANCE, INC.;
SHANNON CLARK; SPORTS ENGINEERING
TECHNOLOGIES, INC.; CHALLENGER
INDUSTRIES, INC.; and JOHN DOES 1-10**            **DEFENDANTS**

## ORDER

Plaintiff, Harding University ("Harding") moves to remand to White County Circuit Court. [Doc. No. 11]. Defendants have responded. [Doc. No. 13]. The motion is denied.

Harding's motion to remand is denied because defendants have satisfied all of the requirements for removal. Where there are multiple defendants, all must consent to removal within thirty days of the day on which they are served. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002). *See also Marano Enterprises of Kan. v. X-Teca Restaurants, LP*, 254 F.3d 753 (8th Cir. 2001). Moreover, each defendant is given thirty days to file a notice of removal, regardless of when, or if, previously served defendants have filed such notices. *Marano*, 254 F.3d at 757.

Harding argues that the case should be remanded because not all of the requirements for removal have been met. Specifically, Harding asserts that two of the defendants, ARMS Building and Maintenance, Inc. ("ARMS") and Shannon Clark ("Clark"), did not timely consent to the removal.

Defendants respond that ARMS and Clark had thirty days following service to consent

to removal and that the motion to remand was filed prior to the expiration of the thirty days. They further argue that ARMS and Clark were served on February 22, 2010, and both consented to removal on March 18, 2010.

The record is clear that all parties consented to removal within thirty days of being served and therefore, Harding's motion to remand [Doc. No. 11] is denied.

IT IS SO ORDERED this 6th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE